# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MORENO,<br><br>    Petitioner,<br><br>  v.<br><br>KATHLEEN ALLISON,<br><br>    Respondent. | Case No. 1:22-cv-00851-JLT-EPG-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR DISQUALIFICATION<br><br>(ECF No. 12) |

Petitioner Jesse Moreno is a state prisoner proceeding *pro se* in a habeas corpus action pursuant to 28 U.S.C. § 2254.

On June 21, 2022, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Northern District of California. (ECF No. 1). On July 11, 2022, the petition was transferred to this Court. (ECF Nos. 5, 6). The following day, the undersigned ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state judicial remedies. (ECF No. 9). On July 19, 2022, Petitioner filed the instant motion for disqualification of the undersigned. (ECF No. 12).

A judge is required to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge shall also disqualify herself "[w]here [s]he has a personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(b)(1). The standard for recusal under § 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Perry v. Schwarzenegger, 630 F.3d 909, 911 (9th Cir. 2011). However, a judge "must not simply recuse

out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal in not appropriate." United States v. Sierra Pac. Indus., 759 F. Supp. 2d 1198, 1200–01 (E.D. Cal. 2010). The decision regarding disqualification is to be made by the judge whose impartiality is at issue. In re Bernard, 31 F.3d 842, 843 (9th Cir.1994) (holding that a motion for recusal must be decided by the very judge whose impartiality is being questioned); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (challenged judge is to rule on legal sufficiency of recusal motion in the first instance).

Petitioner's request for disqualification has failed to present any factual allegations whatsoever to suggest impartiality or bias on the part of the undersigned. Petitioner merely declares in conclusory fashion that the undersigned "is prejudiced against the petitioner so that declarant cannot or believes that he cannot have a fair and impartial hearing before such magistrate judge." (ECF No. 12 at 3). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," Liteky v. United States, 510 U.S. 540, 555 (1994), and "[f]rivolous and improperly based suggestions that a judge recuse should be firmly declined," Maier v. Orr, 758 F.2d 1578, 1583 (Fed. Cir. 1985).

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for disqualification (ECF No. 12) is DENIED.

IT IS SO ORDERED.

Dated: **July 21, 2022**          /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE