# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MORENO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KATHLEEN ALLISON,<br><br>　　　　　Respondent. | Case No. 1:22-cv-00851-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION TO STAY AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>(ECF No. 14) |

Petitioner Jesse Moreno is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the instant petition is unexhausted and Petitioner has failed to demonstrate that at least one of his unexhausted claims is potentially meritorious, the undersigned recommends denial of the motion to stay and dismissal of the petition without prejudice.

## I.

## BACKGROUND

On June 21, 2022, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1.) On July 12, 2022, the Court ordered Petitioner to show cause why the petition should not be dismissed as unexhausted. (ECF No. 9.) Thereafter, Petitioner filed a motion to disqualify the undersigned, which was denied.[1] (ECF Nos. 12, 13.) On August 1, 2022, Petitioner moved to

---

[1] Petitioner appealed the denial of his motion to disqualify. (ECF No. 15.) On August 17, 2022, the Ninth Circuit dismissed the appeal for lack of jurisdiction. (ECF No. 18.)

1

stay the proceedings pursuant to Rhines v. Weber, 544 U.S. 269 (2005), while Petitioner exhausts his remedies in state court. (ECF No. 14.)

## II.

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") require preliminary review of a habeas petition and allow a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

### A. Exhaustion

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, the petition states that Petitioner's claims regarding ineffective assistance of trial counsel and the courts violating Petitioner's constitutional rights were not previously presented to any other court. (ECF No. 1 at 5.)[2] Petitioner currently has various petitions and motions pending in the Fresno County Superior Court. (Id. at 3–4.) In his motion to stay, Petitioner appears to acknowledge that all of his claims are unexhausted. (ECF No. 14 at 1, 3.) As Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

///

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

**B. Stay and Abeyance**

Petitioner requests that the Court stay the instant proceeding pursuant to Rhines v. Weber, 544 U.S. 269 (2005), while Petitioner exhausts his remedies in state court. (ECF No. 14.) Under Rhines, "stay and abeyance [is] available only in limited circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the "unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 277–78.

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust" under Rhines. Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). "The Supreme Court has addressed the issue only once, when it noted that a 'petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.'" Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)).[3] The Ninth Circuit has "held that good cause under Rhines does not require a showing of 'extraordinary circumstances,' but that a petitioner must do more than simply assert that he was 'under the impression' that his claim was exhausted." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (quoting Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005); and Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake, 745 F.3d at 982. The Ninth Circuit has held that a "statement that 'there was no counsel' in [a petitioner's] state post-conviction case is sufficient to establish good cause" for a Rhines stay. Dixon, 847 F.3d at 721. See also Cage v. Montgomery, 812 F. App'x 679, 680 (9th Cir. 2020) (holding that "the good cause standard is satisfied when a petitioner lacked the effective assistance of counsel during state postconviction review proceedings" regardless of whether a state postconviction review petition was filed).

///

---

[3] In Pace, the Supreme Court noted that a solution to the "predicament" of "a 'petitioner trying in good faith to exhaust state remedies . . . litigat[ing] in state court for years only to find out at the end that he was never "properly filed,"' and thus that his federal habeas petition is time barred" is "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. at 416 (citations omitted).

Here, Petitioner argues that he is entitled to a stay due to "his own ignorance of the law and misunderstanding of . . . habeas procedure." (ECF No. 14 at 1.) Even if the Court were to assume Petitioner satisfies Rhines's good cause requirement, Petitioner has not demonstrated that his unexhausted claims are potentially meritorious. With regard to the claim of ineffective assistance of trial counsel, the petition states that "[t]rial counsel provided ineffective assistance when not: not objecting; not re-filing moving papers in higher court; no filing moving papers in trial court; no filing moving papers in higher court." (ECF No. 1 at 5.) With regard to the claim of ineffective assistance of appellate counsel, Petitioner asserts that appellate counsel provided ineffective assistance "[w]hen not filing any and all claims possible in direct appeal, whether argued in instant petition or not; directed or connected to I.A.C. on trial counsel or not." (Id.) With regard to his last claim for relief, Petitioner contends that the state court violated his constitutional rights when "CCP 170.6 denied; speedy trial time-outs; failed to suppress illegally obtained evidence; failed to recuse." (Id.) Petitioner has not provided the Court—either in the petition or the motion to stay—with sufficient facts to demonstrate any of his claims are potentially meritorious. Petitioner does not provide any factual allegations regarding, *inter alia*, what objections trial counsel should have raised and what "moving papers" should have been filed, what claims appellate counsel should have raised on appeal, what evidence was illegally obtained and should have been suppressed, or the basis for Petitioner's request to recuse the judge.

Based on the foregoing, the Court finds that Petitioner has not satisfied the requirements under Rhines, and the motion to stay should be denied.

## III.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Petitioner's motion to stay (ECF No. 14) be DENIED; and
2. The petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

///

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 26, 2022**　　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE