**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESSE MORENO,<br><br>        Petitioner,<br><br>    v.<br><br>KATHLEEN ALLISON,<br><br>        Respondent. | No. 1:22-cv-00851-JLT-EPG-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITIONER'S MOTION TO STAY, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Docs. 14, 19) |

The magistrate judge issued findings and recommendations that recommended denying Petitioner's motion to stay and dismissing the petition without prejudice for failure to exhaust state judicial remedies. (Doc. 19.) Though Petitioner filed untimely objections to the findings and recommendations (Doc. 29), in the interest of justice, the Court will consider Petitioner's untimely objections.

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis. Petitioner's objections do not meaningfully call into question the magistrate judge's reasoning. For example, Petitioner has requested a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), while he exhausts his claims in state court. (Doc. 14.) The magistrate judge found that a *Rhines*

1

stay is not appropriate here in part because petitioner has not provided sufficient facts to allow the court to determine that any of his claims are "potentially meritorious." (Doc. 19 at 3–4.) In his objections, Petitioner nonetheless asserts he is entitled to an evidentiary hearing so that the Court can "find the facts of the case." (Doc. 29.) Petitioner is mistaken. To be entitled to a *Rhines* stay, a petitioner must do more at the outset than advance conclusory allegations. *See, e.g., Lesopravsky v. Warden*, No. CV 16-7110-JPR, 2018 WL 2085333, at *7 (C.D. Cal. May 3, 2018) ("Claims composed of vague and conclusory allegations unsupported by specific facts or evidence are not potentially meritorious within the meaning of *Rhines*."); *Ramirez v. Borders*, No. SACV-16-00522-DSF (KES), 2017 WL 3841794, at *8 (C.D. Cal. May 9, 2017) (finding claim "plainly meritless" under *Rhines* because "Petitioner failed to allege sufficient facts to state a colorable claim for federal habeas relief"), adopted by 2017 WL 3841810 (C.D. Cal. Sep. 1, 2017); *Taylor v. Paramo*, No. EDCV 15-1496-JFW (KS), 2016 WL 3922055, at *7 (C.D. Cal. June 3, 2016) (finding petitioner's vague assertion of ineffective assistance of counsel plainly meritless), adopted by 2016 WL 3922047 (C.D. Cal. July 20, 2016).

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed

further. Therefore, the Court declines to issue a certificate of appealability. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on August 26, 2022 (Doc. 19) are **ADOPTED IN FULL**.
2. Petitioner's motion to stay (Doc. 14) is **DENIED**.
3. The petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.
4. The Clerk of Court is directed to **CLOSE THE CASE.**
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **January 30, 2023**

UNITED STATES DISTRICT JUDGE